# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LACY SHAE GATLIN, | § | Case No. 24-90135 |
| | § | (CHAPTER 13) |
| DEBTOR, | § | |
| | § | |
| MORTGAGE ASSETS MANAGEMENT, LLC, | § § | |
| | § | |
| CREDITOR. | § | |

### MORTGAGE ASSETS MANAGEMENT, LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW** Mortgage Assets Management, LLC ("Creditor" or "MAM"), the holder of a secured claim in this case, respectfully files its Objection to Confirmation of Debtor's Chapter 13 Bankruptcy Plan ("Objection").

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). This Objection is designated as a contested matter under Bankruptcy Rule 9014.

## BACKGROUND

**Parties Agreement**

2.  On September 27, 2013, Nicholas H. Owens, now deceased ("Borrower") executed an Adjustable Rate Note Home Equity Conversion ("Note") payable to One Reverse Mortgage, up to a maximum principal amount of $146,250.00. (*See* Note attached as Exhibit A).

3.  To secure payment of the Note and performance of the other terms between the parties, Borrowers executed an Adjustable Rate Home Equity Conversion Deed of Trust ("Deed of Trust"). (*See* Deed of Trust attached as Exhibit B). The Deed of Trust granted a lien on property that is generally described as 1707 Spruce Street, Lufkin, TX 75901 (the "Property"). The Property is more fully described in the Deed of Trust. The lien created by the Deed of Trust was duly perfected by the filing in the county property records. The Deed of Trust was ultimately assigned to Mortgage Assets Management, LLC. (*See* Assignment of Deed of Trust attached to Exhibit C). PHH Mortgage Corporation ("PHH) is the servicer of the loan.

4.  The Borrower is deceased and under the reverse mortgage loan documents the death of all borrowers is an event of default and so the loan was called due and payable.

5.  The Debtor, Lacy Shae Gatlin, is an alleged heir of the Borrower.

**Debtor's Bankruptcy**

6.  On June 3, 2024, Debtor filed her Chapter 13 Petition and Schedules. (*See* Dkt. No. 1).

7.  Debtor's Schedules list PHH as a secured creditor. (*See Id.*, Schedule D). Debtor lists the amount of PHH's claim as $117,000.00 in Column A; Value of the collateral as $172,100.00 in Column B. (*See Id.*)

8. Debtor's Schedules lists income after expenses $284.00. (*See Id.*, Schedule I and J).

9. On June 3, 2024, Debtor filed her Chapter 13 Plan (*See* Dkt. No. 3). Debtor's Plan states Debtor will make monthly payments of $275.00 per month. (*See Id.,* Section §2.2).

10. Debtor's Plan lists PHH as the holder of a Secured Claim maturing after competition of Plan Term and proposes to cure the claim with a projected cure claim of $5,500.00 with 0.00% interest. (*See Id.,* §3.2).

11. Because the Borrower is deceased, the entire amount of the reverse mortgage loan was called due and payable. In its forthcoming proof of claim, Creditor intends to file a <u>total debt claim</u> in or around the amount of $115,394.05 accruing at a variable interest of 7.80% per annum.

## **OBJECTION**

12. Creditor objects to confirmation of Debtor's proposed Plan because it misstates the amount owed to Creditor. The underlying obligation is a reverse mortgage and pursuant to the terms of the reverse mortgage Note and Deed of Trust, the death of the Borrower is grounds for default causing the entire loan balance to become due and payable. The Debtor's proposed Plan understates the total secured debt due and owing under the Note. Specifically, Debtor's Plan lists to cure a claim of $5,500.00 at interest rate of 0.00%.

13. However, the total debt claim to be filed will be in the amount of $115,394.05 accruing at a variable interest of 7.80% per annum.

14. Creditor objects Debtor's Plan because once her Plan is amended to pay Creditor's total debt claim, she will not be able to make her plan payments based on her income listed in her schedules.

## **PRAYER**

15. For the reasons, set forth above, Creditor prays that this Court to deny confirmation of Debtor's Plan as proposed unless and until Debtor modifies such Plan to correct the deficiencies set forth herein; award attorneys' fees and costs; and grant Creditor such other and further relief, at law and in equity, as is just.

Dated: August 1, 2024

Respectfully submitted,

BY: */s/ Scott H. Crist*

**TAHERZADEH, PLLC**

Selim H. Taherzadeh
st@taherzlaw.com
Texas Bar No. 24046944
Scott H. Crist
sc@taherzlaw.com
Texas Bar No. 24057814
15851 N. Dallas Parkway Suite 410
Addison, Texas 75001
Tel. (469) 729-6800
Fax. (469) 828-2772
ATTORNEY FOR CREDITOR

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing document was filed electronically in compliance with the Court's ECF filing rules and pursuant to the Federal Rules of Civil Procedure for all counsel and parties not registered to receive notice by the Court's electronic filing system upon the following parties:

| | |
|---|---|
| Debtor<br>Lacy Shae Gatlin<br>1707 Spruce Street<br>Lufkin, TX 75901 | Debtor's Attorney<br>Walter David Stephens<br>P.O. Box 444<br>103 E. Denman<br>Lufkin, TX 75902-0444 |
| Chapter 13 Trustee<br>Lloyd Kraus<br>Plaza Tower<br>110 N. College Ave.,<br>12th Floor<br>Tyler, TX 75702 | U.S. Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702 |

                                          */s/ Scott H. Crist*
                                          SCOTT H. CRIST